## AD-LEE CO v SAUNDERS MERCHANDISE & NOVELTY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 10351. Decided Nov 25, 1929

Gerald A. Doyle, Cleveland, for Ad-Lee Co.

H. E. Hohen and E. M. Rose, both of Cleveland, for Novelty Co.

**VICKERY, PJ.**

It would be rather difficult in the annals of the legal history of Cuyahoga County to find a similar case. On the face of this statement of claim it is a straight suit on account for merchandise furnished the defendant. Then it goes on, after making general statements to itemize the various items sold and their prices which seem to be for the Punch Board Deals.

We learn from the argument in this case that the court struck the statement of claim off because it was a suit for things that might be used in gambling. In other words, the court must have superior knowledge to myself because, I confess, I do not know what the articles are, what they could or were intended to be used for, but apparently the court below must have known, for he took judicial notice of several things, apparently, because even if these things could be used in gambling, as I understand the law, it would have to be shown that the purpose in buying them and in selling them was to violate the laws of Ohio and to use them and sell them and operate them for the purpose of gambling.

If his ruling be the law, then if a manufacturer of playing cards would sell a large number of packages of playing cards to a dealer in merchandise, he would not be able to recover their price because everybody knows that playing cards may be used in a game of poker and other gambling games; and even if an article **could** be used in gambling,—and it is pretty hard to mention anything in this gambling age that cannot or is not used in gambling,— take a horse, for example; it is used in races; there is betting on the races, and therefore, to follow out in logical sequence the decision of his honor in the court below, one cannot recover the price of the horse.

From all the books that I have ever read,—and I have read a good many—on the question of recovery for things sold that may be used for an unlawful purpose it must be proven that they were purchased for the purpose of being used for that illegal purpose.

Now in the instant case, there is nothing except the bare statement of claim. Then a motion is made to strike it off and the argument is that these Punch Board Deals must be used and were purchased for the purpose of being used in gambling and could be used for no other purpose.

Now I apprehend that if the Art Museum wanted to put within its walls a roulette machine for the purpose of showing what it was, that the maker of that machine could recover for it, unless it could be proven that it was purchased and was to be used for gambling. In other words, the court cannot take judicial notice of what a thing is going to be used for, and so far as it appears in the record in this case, these Punch Board Deals may have been designed for a perfectly innocent purpose, even if they could be used for gambling. That could only be shown by the evidence that would be introduced if a proper answer or statement of defense was filed and the evidence was produced.

We think the court was clearly wrong and erred in striking this statement of claim without any evidence as to what the articles purchased were to be used for, and the judgment of the court will be reversed and the case remanded to the trial court for trial, with instructions to overrule the motion to strike off the statement of claim.

Sullivan and Levine, JJ., concur.